UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

MARIA MARTINEZ

     Plaintiff,

v.

RSC DAVIE MANAGEMENT LLC
a/k/a OAKMONTE VILLAGE OF DAVIE

     Defendant,

_____/

## **COMPLAINT**

The Plaintiff MARIA MARTINEZ, by and through undersigned counsel, hereby sues Defendant RSC DAVIE MANAGEMENT LLC a/k/a OAKMONTE VILLAGE OF DAVIE OF DAVIE, on the grounds set forth herein.

## INTRODUCTION

1. This is an action by Plaintiff MARIA MARTINEZ under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760, to redress the injury done to her by the Defendant's discriminatory treatment on the basis of her National Origin.

## JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3.   This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760.

4.   This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5.   The venue of this action is properly placed in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Broward County, within the jurisdiction of this Honorable Court.

## **PARTIES**

6.   Plaintiff MARIA MARTINEZ is a resident of Miami, Florida within the jurisdiction of this Court, who was employed by Defendant. The Plaintiff is a member of certain protected classes of persons. because of her National Origin and her participation in protected activity under federal and state law.

7.   Defendant RSC DAVIE MANAGEMENT LLC, a/k/a OAKMONTE VILLAGE OF DAVIEOF DAVIE (hereinafter, "OAKMONTE VILLAGE", or Defendant"), is a profit corporation authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court.

8.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## PROCEDURAL REQUIREMENTS

9.  All conditions precedent for this action has been fulfilled. On or about August 28, 2018, Plaintiff MARIA MARTINEZ dual-filed her Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints.  On or about September 26, 2019 the U.S. Equal Employment Opportunity Commission issued to Plaintiff a "Dismissal and Notice of Rights", with respect to such charge of discrimination. Consequently, the present Complaint is being filed within 90 days from Plaintiff's receipt of the "Notice of Right to Sue" *See composite Exhibit "A."*

## STATEMENT OF FACTS

10.  Plaintiff MARIA MARTINEZ is a 37 years old female of Venezuelan National Origin. Plaintiff MARIA MARTINEZ is a member of a protected class under Title VII; and the Florida Civil Rights Act, because of her National Origin, and because of her participation in protected activities within the meaning of federal and state law.

11.  Defendant OAKMONTE VILLAGE OF DAVIE is a business that provides assisted living facilities, and residences for senior citizens. OAKMONTE VILLAGE OF DAVIE employed Plaintiff MARIA MARTINEZ from approximately January 29, 2018, to August 15, 2018, or 28 weeks.

12.  The Plaintiff was hired as a line cook and kitchen employee at the facilities located at 8201 Stirling Road, Davie, Florida 33328.

13. The Plaintiff was a full-time hourly employee, earning approximately the wage-rate of $12.50 an hour.

14. Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed her duties without significant issue or controversy.

15. However, during the time Plaintiff was employed by the Defendant, The Plaintiff was subjected to unlawful acts of discrimination, and she was further subjected to different terms and conditions of employment, on basis of her National Origin.

16. The unlawful Discrimination and Harassment came at the hands of the Plaintiff's direct supervisor Chef Tommy LNU.

17. Approximately on or about April 2018, Chef Tommy started his work at the Defendant's facilities and he immediately began to discriminate against Plaintiff because of her National Origin.

18. Chef Tommy LNU freely expressed his dislike for people of Venezuelan National Origin. Chef Tommy LNU made all kind of offensive and discriminatory comments about Venezuelans

19. On many occasions, Chef Tommy LNU proffered all kind insults, derogatory comments and used profane language to refer to Venezuelan people, he did this in complete disregard and having full knowledge of Plaintiff's Venezuelan National Origin. Chef Tommy LNU would make unwelcome remarks such as "Sawgrass Mall is full of Venezuelans spending their dirty money"

20. The Plaintiff protested about those comments and told her manager that she was offended by all those negative remarks because she was Venezuelan. Chef Tommy LNU did not pay any attention and continued his wrongful conduct.

21. Chef Tommy LNU would treat Plaintiff disrespectfully and talk to her with arrogance and disdain. Chef Tommy would make fun of Plaintiff's Spanish accent. Every day, Chef Tommy LNU ridiculed and humiliated Plaintiff in front of her co-workers. Chef Tommy LNU would ask anybody in the kitchen: "How can you understand her thick Spanish accent?

22. Chef Tommy LNU did not talk to Plaintiff too often, but when he did, he pretended that he did not understand the Plaintiff's English. Chef Tommy LNU made a question to Plaintiff and made her repeat the answer, again and again, causing her embarrassment and humiliation.

23. The Plaintiff had the required level of fluency in English to communicate efficiently and to perform successfully the duties of her position. The Plaintiff duties consisted of line cooking preparing breakfast, lunch, and dinner, general kitchen work, cleaning, and waste disposal.

24. Without any valid reason Chef, Tommy LNU established an "English-only rule" which included the Plaintiff's breaks and off-the-clock time and used his rule to torment and harass Plaintiff yelling at her angrily: "Talk in English!... we are in America!".

25. Chef Tommy LNU harassed Plaintiff not only because of her Spanish accent but he harassed Plaintiff by making fun of her Hispanic physical characteristics. Chef

**Tommy** made totally unwelcome, inappropriate remarks about Plaintiff's looks which caused her great mortification and suffering.

26. Chef Tommy LNU subjected Plaintiff to excessive job scrutiny, surveillance, and mistreatment, and blamed her for everything wrong that happened at the workplace.

27. The frequent, severe, and offensive conduct of Chef Tommy LNU linked to Plaintiff's National Origin, created a hostile work environment in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII")the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

28. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated and intimidated in her place of work. The Plaintiff knew that her Supervisor was forcing her to a voluntary resignation from her employment, but Plaintiff did not complain in fear of precipitating her termination.

29. The Plaintiff lived in anxiety, and fear of losing her job. Every day she tried to do her best to please Chef Tommy LNU, to no avail. Chef Tommy LNU's illegal conduct escalated and he became more hostile towards Plaintiff.

30. On or about July 2008, the Plaintiff could not take the abusive conduct of Chef Tommy LNU anymore and she talked to Human Resources Representative Alex Mera. The Plaintiff complained about the discrimination and harassment on basis of her National Origin she was suffering at the hands of Chef Tommy LNU. The Plaintiff also complained to H.R. Manager M. June LNU and repeated her discrimination complaints.

31. These complaints constituted protected activity under federal and state law.

32. After Plaintiff's complaints, she did not get any relief, just retaliatory increased harassment. Plaintiff understood that she could not expect any help from Human Resources or anyone at a higher level.

33. Finally, on or about August 8, 2018, Chef Tommy LNU fired Plaintiff using pretextual reasons.

34. During many months Plaintiff was subjected to a hostile and offensive working environment that resulted in adverse employment actions such as a denial of fairly working conditions, and finally her termination.

35. The Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints of unlawful discrimination and harassment in violation of both Federal and State Laws.

36. Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

<u>**COUNT I:**</u>
<u>**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:**</u>
<u>**DISCRIMINATION BASED ON NATIONAL ORIGIN;**</u>

37. Plaintiff MARIA MARTINEZ re-adopts every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

38. At all times material hereto, the Employer/Defendant OAKMONTE VILLAGE OF DAVIE failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Race, Color, Religion, Sex, or National Origin."

39. The Defendant's decision to discriminate against Plaintiff MARIA MARTINEZ was because of Plaintiff's National Origin.

40. At all relevant times, including the time of the discrimination, Defendant OAKMONTE VILLAGE OF DAVIE was aware that Plaintiff MARIA MARTINEZ was a Hispanic, and of Venezuelan National Origin.

41. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

42. The Plaintiff was qualified for the position apart from her apparent National Origin.

43. The Plaintiff was discriminated against by her supervisor Chef Tommy LNU because Plaintiff was Hispanic and Venezuelan National Origin. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

44. The discrimination and harassment were perpetrated by the decision-makers, and this fact perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's National Origin. within the meaning of Title VII.

45. Defendant OAKMONTE VILLAGE OF DAVIE  through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's

federally protected rights, discriminated against Plaintiff MARIA MARTINEZ on account of her National Origin, in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

46. Plaintiff MARIA MARTINEZ was wrongfully terminated by the Defendant OAKMONTE VILLAGE, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's National Origin.

47. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant OAKMONTE VILLAGE OF DAVIE is a mere pretext for the actual reasons for the termination from employment, Plaintiff's National Origin and complaints related to the unlawful acts of Discrimination and Harassment.

48. Defendant OAKMONTE VILLAGE OF DAVIE  is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

49. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff MARIA MARTINEZ suffered serious economic losses as well as mental pain and suffering.

50. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA MARTINEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant OAKMONTE VILLAGE, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on National Origin.

B. Reinstate Plaintiff MARIA MARTINEZ to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff MARIA MARTINEZ.

D. Order Defendant OAKMONTE VILLAGE OF DAVIE to make Plaintiff MARIA MARTINEZ whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

G. Award attorney's fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff MARIA MARTINEZ demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION AGAINST OAKMONTE VILLAGE</u>**

51. Plaintiff MARIA MARTINEZ re-adopts every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

52. is an action against OAKMONTE VILLAGE OF DAVIE for unlawful retaliation under Title VII.

53. At all times material hereto, the Employer/Defendant OAKMONTE VILLAGE OF DAVIE failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

54. Defendant OAKMONTE VILLAGE OF DAVIE employed Plaintiff MARIA MARTINEZ from approximately January 29, 2018, to August 15, 2018, or 28 weeks.

55. The Plaintiff is a member of a protected class under Title VII because of her National Origin, and because of her participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

56. While working for Defendant OAKMONTE VILLAGE OF DAVIE, the Plaintiff was subjected to discrimination and harassment based on her National Origin.

57. The Plaintiff reasonably followed the chain of command and exhausted her administrative remedies to get help.

58. The Plaintiff explicitly informed the management that she was suffering discrimination on the basis of her National Origin and opposed to these unlawful employment practices.

59. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

60. As a result, Plaintiff was forced to endure a continued, unrelenting, abusive and disparate treatment at the hands of individuals with the ability to hire, fire, promote, and discipline her, and she was eventually terminated in retaliation to her refusal to accept the unlawful discriminatory employment practices.

61. At the time of the Defendant's termination of her employment, Plaintiff did perform and excel at the performance of the essential functions of her position.

62. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Discrimination and Harassment due to her National Origin.

63. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of Title VII.

64. The Defendant OAKMONTE VILLAGE OF DAVIE is subjected to vicarious liability because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

65. Furthermore, the Defendant knowingly condoned and ratified the National Origin discrimination and retaliation of the Plaintiff.

66. Defendant's known allowance and ratification of the wrongful conduct created and facilitated an abusive, discriminatory, and hostile work environment based on the

Plaintiff's National Origin, within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

67. As a direct and proximate result of the actions and/or omissions of the Defendant, the Plaintiff has suffered injury and losses including a violation of her statutory rights.

68. The Plaintiff has no plain, adequate, or complete remedy at law.  She is suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

69. As a result of the Retaliation, Plaintiff MARIA MARTINEZ has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

70. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA MARTINEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant OAKMONTE VILLAGE, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B.  Reinstate Plaintiff MARIA MARTINEZ to the same position she held before the retaliatory personnel action, or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant OAKMONTE VILLAGE OF DAVIE to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff MARIA MARTINEZ demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992</u>**
**<u>CHAPTER 760: DISCRIMINATION BASED ON NATIONAL ORIGIN</u>**

71.  Plaintiff MARIA MARTINEZ re-adopts every factual allegation as stated in paragraphs 1-36 and above as if set out in full herein.

72.  At all times material hereto, the Employer/Defendant OAKMONTE VILLAGE OF DAVIE failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race,* color, *religion, sex, national origin, age, handicap, or marital status*"

73. The discrimination of Plaintiff MARIA MARTINEZ by Defendant OAKMONTE VILLAGE OF DAVIE was caused by the Defendant being aware of Plaintiff's National Origin.

74. The Defendant's decision to discriminate against Plaintiff MARIA MARTINEZ was because of Plaintiff's National Origin.

75. At all relevant times, including the time of discrimination, Defendant OAKMONTE VILLAGE OF DAVIE was aware that Plaintiff MARIA MARTINEZ was Hispanic and from Venezuelan National Origin.

76. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

77. The Plaintiff was qualified for the position apart from her apparent National Origin.

78. The Defendant OAKMONTE VILLAGE OF DAVIE is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

79. The failure of Defendant OAKMONTE VILLAGE OF DAVIE to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

80. Defendant OAKMONTE VILLAGE OF DAVIE through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff MARIA MARTINEZ on account of her National Origin in violation of the Act, with respect to its decision to treat Plaintiff different from other employees.

81. The discrimination and harassment were perpetrated by the decision-makers, and this fact perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's National Origin. within the meaning of the Florida Civil Rights Act of 1992.

82. Plaintiff MARIA MARTINEZ was wrongfully terminated by the Defendant OAKMONTE VILLAGE OF DAVIE and the Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff.

83. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff MARIA MARTINEZ suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

84. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant OAKMONTE VILLAGE, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's National Origin and her complaints related to the unlawful acts of Discrimination and Harassment.

85. Defendant OAKMONTE VILLAGE OF DAVIE is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

86. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their National

Origin. Discrimination based on National Origin constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

87. Plaintiff MARIA MARTINEZ has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA MARTINEZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant OAKMONTE VILLAGE, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on National Origin;

B. Reinstate Plaintiff MARIA MARTINEZ to the same position held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant OAKMONTE VILLAGE OF DAVIE to make Plaintiff MARIA MARTINEZ whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including punitive damages, attorney's fees (§448.104, Fla. Stat.) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff MARIA MARTINEZ demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES; RETALIATION**

88. Plaintiff MARIA MARTINEZ re-adopts every factual allegation as stated in paragraphs 1-36 and 71-87 of this Complaint as if set out in full herein

89. This is an action against OAKMONTE VILLAGE OF DAVIE for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes, (FCRA).

90. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking an adverse personnel action against those employees who exercise their lawful and protected rights under Title VII.

91. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".

92. The Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of her National Origin, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

93. Plaintiff MARIA MARTINEZ, while working for Defendant OAKMONTE VILLAGE OF DAVIE was subject to discrimination and harassment based on her National Origin.

94. The Plaintiff reasonably followed the chain of command and exhausted her administrative remedies to get help.

95. The Plaintiff explicitly informed the business that she was suffering discrimination on the basis of her National Origin and opposed to these unlawful employment practices.

96. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

97. As a result, Plaintiff was forced to endure a continued, unrelenting, abusive and disparate treatment at the hands of individuals with the ability to hire, fire, promote, and discipline her, and she was eventually terminated in retaliation to her refusal to accept the unlawful discriminatory employment practices.

98. The Defendant is subject to vicarious liability because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

99. Furthermore, the Defendant knowingly condoned and ratified the National Origin and retaliation of the Plaintiff.

100.     Defendant's known allowance and ratification of the wrongful conduct created and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's National Origin, within the meaning of Section 760.10 of the Florida Civil Rights Act.

101.     As a direct and proximate result of the actions and/or omissions of the Defendant, the Plaintiff has suffered injury and losses including a violation of her statutory rights.

102.     The Plaintiff has no plain, adequate, or complete remedy at law.  She is suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA MARTINEZ respectfully requests that this Court;

A.   Grant a permanent injunction enjoining Defendant OAKMONTE VILLAGE OF DAVIE, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B.   Award Plaintiff MARIA MARTINEZ judgment against the Defendant OAKMONTE VILLAGE OF DAVIE for compensatory damages as determined by the Trier of fact.

C.   Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

D.   Enter Judgment for Punitive damages against OAKMONTE VILLAGE OF DAVIE.

E.  Award all reasonable Attorney's fees and costs incurred in connection with this
action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff MARIA MARTINEZ demands trial by a jury of all issues triable as of right by a
jury.

Dated: November 19, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*